IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-417-P-BN |
| | § | |
| DALLAS AREA RAPID TRANSIT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Keith Edwards, proceeding *pro se*, brings this civil rights action alleging that Dallas Area Rapid Transit ("DART") failed to provide for his safety on a light rail train, resulting in a violation of his rights under the Constitutions of the United States and Texas.

On February 3, 2014, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 2 & 5. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 11.

-1-

The Court sent written interrogatories to Plaintiff in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 7. Plaintiff answered the interrogatories on April 15, 2014. *See* Dkt. No. 9.

In his complaint and interrogatory responses, Plaintiff alleges that, on October 24, 2012, he was traveling on a DART train and sat next to two unruly passengers. The passengers started cursing and calling people names and then assaulted him. *See* Dkt. No. 2 at 4. Because he was assaulted, Plaintiff contends that he was forced to defend himself, eventually resulting in his arrest, conviction, and 11-year sentence for manslaughter. *See* Dkt. No. 9 at 4. By this lawsuit, Plaintiff seeks to hold DART liable for failing to protect him or provide working surveillance cameras on the train and for the distress caused by his criminal conviction. *See* Dkt. No. 2 at 3; Dkt. No. 9 at 4-6.

The undersigned now concludes that Plaintiff's Section 1983 claims should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and that the Court should decline to exercise supplemental jurisdiction over Plaintiff's claims under the Texas Constitution.

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

-3-

A municipal entity may be held liable for the deprivation of rights guaranteed by the Constitution or federal law only if the deprivation was the result of an official policy. *See Monell v. Dep't of Social Servs. of N.Y.,* 436 U.S. 658, 694 (1978). Such a policy may include "'a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" *Campbell v. City of San Antonio,* 43 F.3d 973, 977 (5th Cir. 1995) (quoting *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984)). However, "[i]t is well-established that a city is not liable under § 1983 on the theory of respondeat superior." *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 847 (5th Cir. 2009). To establish municipal liability under 42 U.S.C. § 1983, Plaintiff must prove three elements: "(1) a policymaker; (2) an official policy; and (3) violation of constitutional rights whose moving force is the policy or custom." *Hampton Co. National Surety, LLC v. Tunica County,* 543 F.3d 221, 227 (5th Cir. 2008) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

## Analysis

Plaintiff raises his constitutional claims against DART, which has been recognized to be a municipal entity subject to suit under 42 U.S.C. § 1983. *See Stiff v. Stinson*, No. 3:12-cv-4998-D, 2013 WL 3242468, at *3 (N.D. Tex. June 27, 2013) (citing *Craig v. Dallas Area Rapid Transit*, 504 F. App'x 328, 334 (5th Cir. 2012)); *see also Williams v. Dallas Area Rapid Transit,* 242 F.3d 315, 319-20 (5th Cir. 2001) (generally holding that DART is a municipal entity rather than an arm of the state). He appears

-4-

to seek recovery on the basis that DART was deliberately indifferent to his safety.

Even assuming that Plaintiff could establish a constitutional violation based on some deliberate indifference or duty to protect him from assault on the light rail train, he has failed to state a claim for liability by this municipal entity. Local governmental entities are not vicariously liable for the actions of their employees under Section 1983. *See Baker v. Putnal,* 75 F.3d 190, 200 (5th Cir. 1996). But local governmental entities can be held liable "for a deprivation of rights protected by the Constitution or federal laws that is inflicted pursuant to official policy." *Palmer v. City of San Antonio, Texas,* 810 F.2d 514, 516 (5th Cir. 1987); *see also Monell,* 436 U.S. at 691 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). Here, Plaintiff has failed, either in his complaint or interrogatory responses, to identify a specific policy that caused the constitutional deprivation he claims occurred. Without facts to support an official policy or custom that led to the alleged constitutional deprivation, there is no basis for liability under Section 1983. *See Amir-Sharif v. Valdez,* No. 3:06-cv-2258-P, 2007 WL 1791266, at *2 (N.D. Tex. June 6, 2007) ("Nor does plaintiff identify a policy, custom, or practice that sanctions or condones any of the constitutional violations alleged in his complaint. Instead, plaintiff blames these supervisors for failing to properly investigate his grievances. Even if proved, such a claim is not actionable under 42 U.S.C. § 1983.").

To the extent that Plaintiff seeks relief under the Texas Constitution, the Court should decline to exercise supplemental jurisdiction. A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law

claims after all federal claims have been dismissed. *See* 28 U.S.C. § 1367(c)(3); *see also Noble v. White,* 996 F.2d 797, 799 (5th Cir. 1993). Among the factors to be considered in exercising this discretion are judicial economy, convenience, fairness, federalism, and comity. *See Rosado v. Wyman,* 397 U.S. 397, 403-04 (1970). When all federal claims are dismissed prior to trial, these factors weigh heavily in favor of declining to exercise jurisdiction. *See Parker & Parsley Petroleum Co. v. Dresser Indus.,* 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."). In view of the undersigned's recommendation to summarily dismiss Plaintiff's Section 1983 claim, the Court should decline to exercise supplemental jurisdiction over his claims under the Texas constitution. *See Bunch v. Duncan,* No. 3:01-cv-137-G, 2002 WL 324287, at *4 (N.D. Tex. Feb. 27, 2002) (declining to exercise supplemental jurisdiction over state law claims following dismissal of section 1983 claims on grounds of qualified immunity).

### Recommendation

Plaintiff's Section 1983 claims should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and the Court should decline to exercise supplemental jurisdiction over his claims under the Texas constitution.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 27, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE